IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Case No. 1:21-CV-83

STEPHEN K. POND,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

COMPLAINT

AND JURY DEMAND

NOW COMES Plaintiff Stephen K. Pond, by and through counsel, complaining of Defendant United States of America as follows:

1. This is an action under Title 26 of the United States Code for the refund of $145,894 in income tax erroneously assessed against and collected from Plaintiff for the tax year ending December 31, 2013. This erroneous assessment resulted from computational errors made by the Internal Revenue Service (the "IRS" or the "Service") at the conclusion of a partnership tax audit conducted in 2017. Upon discovering the error, Plaintiff timely submitted amended returns for the 2012 and 2013 tax years to the IRS service center in Holtsville, New York claiming a refund of the erroneously assessed and paid taxes.

2. The Plaintiff has received the refund due to him for the 2012 tax year. However, after repeatedly losing or destroying multiple submissions made by Plaintiff and failing to contact Plaintiff regarding his refund as promised, the Service denied Plaintiff's

refund request for the 2013 tax year.  Subsequently, despite Plaintiff's attempts to resolve this matter through the agency's internal appeals process, Defendant has continued its failure to process or otherwise act on Plaintiff's refund request—now over three years after Plaintiff submitted his 2013 amended return.

## Jurisdiction and Venue

3. Plaintiff is a resident of Guilford County, North Carolina.

4. Defendant is the United States of America.

5. The Court has jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1346(a)(1).

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(e).

## The IRS Audit and Computational Errors.

7. Plaintiff is an investor in a North Carolina limited liability company called Insect Shield, LLC ("Insect Shield").  Insect Shield has elected to be taxed as a partnership.

8. In 2017, the IRS performed an audit of Insect Shield's partnership return for the 2012 tax year (the "Audit").

9. As a result of the Audit, the IRS issued a Notice of Computational Adjustment from the Holtsville, New York, service center (the "2017 Notice"), adjusting Plaintiff's gross taxable income for the year 2012 to account for the amount of income allocated to Plaintiff based on his interest in Insect Shield.  A true and accurate copy of the 2017 Notice is attached to this Complaint as **Exhibit A**.

10. On his original 2012 Form 1040, Plaintiff had reported $488,791 of income allocated to him individually from Insect Shield and $477,816 as the deemed owner of the income of an irrevocable trust, The 1993 Irrevocable Grantor Trust for the Descendants of Stephen K. Pond (the "Grantor Trust"), that is classified as a "grantor trust" under Section 671 of the Internal Revenue Code (the "Code").

11. The Audit resulted in a reduction of the amount of ordinary business income allocated to Plaintiff, both individually and with respect to the Grantor Trust. Specifically, the Audit showed only $187,028 of income allocated to Plaintiff individually and $187,028 allocated to the Grantor Trust. *See* **Exhibit A**.

12. Erroneously, rather than reducing Plaintiff's allocated income by the appropriate amount, the IRS mistakenly *added* the $187,028 allocation for Insect Shield to the amounts Plaintiff had already reported on his 2012 return.

13. Because of this error, the 2017 Notice indicated Plaintiff owed a balance of $29,228 for the 2012 tax year.

14. Plaintiff promptly paid this balance, plus interest, on May 9, 2017, approximately two weeks after receiving the 2017 Notice.

15. After Plaintiff paid this balance, Plaintiff's accountants discovered the IRS's error and prepared Form 1040X amended returns for 2012 and 2013 reporting the correct amount of taxable income allocated to Plaintiff from Insect Shield as a result of the Audit. True and accurate copies of Plaintiff's amended returns are attached as **Exhibit B**.

16. Correcting the amount of income allocated to Plaintiff from Insect Shield for

the 2012 tax year resulted in both a decrease in Plaintiff's taxable income for the year 2012 as well as an increase in the amount of passive activity loss carryforwards to 2013.

17. Because of the decrease in taxable income, Plaintiff was entitled to a refund of $29,228 erroneously assessed for the 2012 tax year, plus the $2,908.73 in interest paid on that amount.

18. Plaintiff was also entitled to a refund of $145,894 for the 2013 tax year because of the increased passive activity loss carryforwards, which were applied in 2013 to reduce the Plaintiff's taxable income for 2013.

### Plaintiff's Amended Return Submissions

19. Plaintiff signed the amended returns on July 17, 2017, and returned them via FedEx to his accountant, Mr. Michael Myrick at the LBA Hayes Strand accounting firm.

20. After receiving the signed amended returns on July 18, 2017, Mr. Myrick mailed both amended returns via First Class mail in a single envelope to the IRS service center in Holtsville, New York, pursuant to the firm's standard mailing practices.

21. In addition to the amended returns, Mr. Myrick prepared a Form 843 Claim for Refund and Request for Abatement for the 2012 tax year, seeking a refund of the $2,908.73 in interest with respect to the tax erroneously assessed in the 2017 Notice. That form was also mailed via First Class mail on July 18, 2017, to the IRS office in Covington, Kentucky, pursuant to the firm's standard mailing practices. An unsigned copy of Plaintiff's Form 843 is attached as **Exhibit C**.

22. Plaintiff's Form 1040X amended returns for the 2012 and 2013 tax year, and

4

his Form 843 Claim for Refund and Request for Abatement for the 2012 tax year were all filed within six months after the date on which the Service mailed the notice of computational adjustment, as required by Section 6230(c) of the Code. (Section 6230(c) of the Code was repealed for partnership tax years beginning after December 31, 2017, but remained effective for the 2013 tax year at issue in this Complaint.)

23. On September 14, 2017, Plaintiff received a letter from the IRS office in Andover, Massachusetts, acknowledging receipt of the Form 843 on July 24, 2017. However, the letter stated that the IRS did not have a copy of Plaintiff's 2012 Form 1040X. A true and accurate copy of this letter is attached as **Exhibit D**.

24. Mr. Myrick responded to the Service's September 14, 2017 letter on October 3, 2017. In his response, Mr. Myrick explained that the 2012 Form 1040X had been sent to the service center in Holtsville, New York as required. He further explained that he had believed the Covington office would retrieve a copy of the Form 1040X from the Holtsville service center as needed to process the request. However, out of an abundance of caution, Mr. Myrick attached a copy of the 2012 Form 1040X to this letter. A true and accurate copy of this letter is attached as **Exhibit E**

25. The IRS's September 14, 2017 letter did not mention Plaintiff's 2013 amended return, leading Mr. Myrick to believe that the 2013 amended return was being processed and that the appropriate refund would issue in a timely manner.

26. On November 13, 2017, Plaintiff received another letter from the Andover office informing him that Mr. Myrick's correspondence was being sent to the Holtsville

5

service center and that someone there would contact him within 45 days to process his request and answer any questions. A true and accurate copy of this letter is attached as **Exhibit F**.

27. Plaintiff never received any follow-up communications from anyone at the Holtsville service center.

28. In March 2018, Plaintiff received the claimed refund for the 2012 tax year but no refund for the 2013 tax year.

29. After inquiring again through counsel about the status of the 2013 refund, Plaintiff learned that the agents attempting to locate the 2013 Form 1040X were unable to find it anywhere in the IRS's system.

30. As a result, on February 1, 2019, Plaintiff submitted a duplicate copy of the 2013 Form 1040X to the Holtsville office via certified mail. This duplicate copy of Plaintiff's 2013 Form 1040X was delivered to the Holtsville service center on February 4, 2019, but no refund was issued.

31. On July 25, 2019, after contacting the IRS again through counsel, Plaintiff learned that the copy of his 2013 Form 1040X had been processed in the IRS system in March 2019 and assigned to an agent who specialized in partnership audits under "TEFRA" procedures. (The Tax Equity and Fiscal Responsibility Act of 1982, or "TEFRA," established audit procedures for partnerships that remained in effect until January 2018.) However, the IRS was unable to identify the agent handling Plaintiff's claim. Nevertheless, agents promised that through the agency's internal referral process, they

6

Case 1:21-cv-00083-LCB-LPA   Document 1   Filed 01/29/21   Page 6 of 10

would locate the agent assigned to Plaintiff's claim within 30 days and would instruct that agent to contact Plaintiff regarding his 2013 claim.

32. Plaintiff was never contacted by a "TEFRA" agent and received no response to his 2013 claim.

33. On September 20, 2019, again after contacting the IRS through counsel, Plaintiff discovered that his 2013 claim of refund had been closed with no refund processed. Agents were again unable to locate a copy of Plaintiff's 2013 amended return anywhere on the IRS's system.

34. At the suggestion of one agent, Plaintiff submitted a third copy of the 2013 Form 1040X via fax, directly to that agent.

35. Upon receiving the faxed copy of the 2013 Form 1040X, that agent assigned the case to herself and denied Plaintiff's claim of refund on October 1, 2019, on the grounds that the statute of limitations had run. A true and accurate copy of this letter is attached as **Exhibit G**.

36. The notice of denial letter identified the "date of claims received" as July 17, 2017.

**Plaintiff's Appeal and Continued Inaction by the IRS**

37. On November 20, 2019, Plaintiff filed a formal written protest of the Service's denial of his refund claim and requesting a conference with the IRS's Office of Appeals. This protest was sent via certified mail to the Holtsville service center, in accordance with instructions included in the October 1, 2019, letter denying Plaintiff's

7

claim for refund, and was received by the Service on November 25, 2019. A true and accurate copy of Plaintiff's protest is attached as **Exhibit H**.

38. Plaintiff received no response regarding his protest.

39. On June 4, 2020, after approximately six more months had passed, Plaintiff, through counsel, contacted the IRS practitioner priority service line. After researching Plaintiff's file, the agent on the line determined that Plaintiff's protest had not been assigned to an appeals officer or otherwise processed in any way.

40. On June 10, 2020, Plaintiff, through counsel, and based upon a recommendation from an agent reached through the IRS's practitioner priority service line, submitted a letter and additional copy of the November 20, 2019 tax protest to the IRS Office of Appeals headquarters in Washington, DC. In this letter, Plaintiff requested that the Office of Appeals headquarters accept the Plaintiff's protest and process his appeal of the Service's denial of his claim for refund. A true and accurate copy of Plaintiff's correspondence is attached as **Exhibit I**.

41. In a letter dated August 20, 2020, the Service returned the Plaintiff's June 10, 2020 letter and accompanying materials on grounds that the Plaintiff "does not currently have a case pending in the Office of Appeals." The Service's August 20 letter further directed the Plaintiff to "submit your . . . timely appeal request directly to" the IRS office that made the determination that is the subject of the appeal. In other words, the Service instructed Plaintiff to submit his appeal to the IRS's Holtsville, New York service

center once again. A true and accurate copy of the Service's August 20, 2020 letter is attached as **Exhibit J**.

## **FIRST CLAIM FOR RELIEF**
### **26 U.S.C. § 7422 Civil Action for Refund**

42. Plaintiff incorporates by reference Paragraphs 1 through 41 of this Complaint as though set out fully herein.

43. On July 18, 2017, Plaintiff filed a Form 1040X amended income tax return, requesting a refund of $145,894 in income tax erroneously assessed against and collected from Plaintiff for the tax year ending December 31, 2013.

44. Plaintiff's 2013 Form 1040X was filed within the time period required by Section 6230(c) of the Internal Revenue Code, as in effect for the tax year at issue.

45. On October 1, 2019, the Service denied Plaintiff's claim for refund of taxes paid for the 2013 tax year on grounds the statute of limitations had run.

46. Less than two years have passed since the denial of Plaintiff's claim of refund, as required by Section 6532(a) of the Code.

47. Plaintiff has exhausted the administrative remedies available to him within the Internal Revenue Service.

48. Plaintiff is entitled to a refund because the 2017 Notice contained a computational error, resulting in an overpayment of $145,894 on Plaintiff's 2013 tax return.

WHEREFORE, Plaintiff prays that the Court:

1. Enter a judgment for Plaintiff and against Defendant in the amount of

$145,894;

2. Award Plaintiff pre- and post-judgment interest as allowed by law; and

3. Provide for other such relief as the Court deems just and proper.

Respectfully submitted, this the 29th day of January, 2021.

                                         /s/ Daniel L. Colston
                                         James C. Adams II
                                         N.C. Bar No. 18063
                                         jadams@brookspierce.com
                                         Adam P.M. Tarleton
                                         N.C. Bar No. 37088
                                         atarleton@brookspierce.com
                                         Daniel L. Colston
                                         N.C. Bar No. 52083
                                         dcolston@brookspierce.com