IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| STEPHEN K. POND, | )<br>) Case No. 1:21-cv-00083 |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**REPLY IN SUPPORT OF
UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT**

The Defendant, the United States of America, moved to dismiss Plaintiff's amended complaint. Doc. No. 10. Plaintiff Stephen K. Pond opposed. Doc. No. 14. For the reasons enumerated in the United States' Brief (Doc. No. 11) and below, Pond's Amended Complaint does not allege facts which show that he filed the claim for refund by that date. Because has not met his burden to establish a waiver of sovereign immunity, the Amended Complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

The facts have been set forth at length in Pond's Amended Complaint and in the United States' Brief in Support of its Motion to Dismiss. Doc. No. 8; Doc. No. 11. As Pond's response suggests, the substance of those facts is largely undisputed, save for the date his request for a refund for the 2013 tax year was filed. In his response, Pond makes two arguments in opposition to the motion to dismiss: first that the Government ignored allegations in the complaint and second, that the Court should find that 26 C.F.R.

1

§ 301.7502-1(e) is not entitled to *Chevron* deference. Because Pond's first argument necessarily depends on his success regarding *Chevron* deference, the United States addresses them in reverse to the order they appear in Pond's response. *Compare* Doc. No. 14. Both arguments lack merit.

I. **Treasury Regulation 26 C.F.R. § 301.7502-1(e) is Entitled to *Chevron* Deference.**

Pond incorrectly argues that the Court need not address *Chevron* deference. Because the question on *Chevron* deference governs the facts necessary for Pond to succeed, determining whether Treasury Regulation 26 C.F.R. § 301.7502-1(e) is entitled to *Chevron* deference will frame the remaining decisions of the case. If the Court agrees with the United States, and with several other circuits reviewing this issue, then the only exceptions to the Physical Delivery Rule are outlined in 26 U.S.C. § 7502. *See, e.g.*, *Maine Medical Center v. United States*, 675 F.3d 110, 118 (1st Cir. 2012); *Baldwin v. United States*, 921 F.3d 836, 842–43 (9th Cir. 2019) (applying *Chevron* deference to determine the regulation supplanted the common-law Mailbox Rule); and *Taha v. United States*, 148 Fed. Cl. 37, 43–44 (Fed. Cl. 2020) (adopting the holding in *Baldwin*).

As detailed in the United States' Brief, in determining whether the regulation is valid, courts apply the two-step analysis established by *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). At first, courts assess whether Congress spoke "to the precise question at issue." *Id.* at 842. Courts look to "the overall statutory scheme, legislative history, the history of evolving congressional regulation in the area, and . . . other relevant statutes." *Philip Morris USA, Inc. v. Vilsack*, 736 F.3d 284. If so,

2

the analysis is complete: the agency and the courts "must give effect to the unambiguously expressed intent of Congress." *Id.* at 843.

Here, the text for 26 U.S.C. § 7502 is silent on this issue: whether the statute supplanted the Mailbox Rule. While Pond argues that legislative history establishes that Congress intended 26 U.S.C. § 7502 "to continue allowing evidence of mailing to create a presumption of delivery," Pond cites Senate and House reports in 1968, several years after the statute's enactment in 1954. Doc. No. 14 at 16–18. Instead, the legislative history reveals that 26 U.S.C. § 7502 applies only if the document is actually delivered. *Deutsch v. Comm'r of Internal Revenue*, 599 F.2d 44, 46 (2d Cir. 1979) (citing H.Rep.No.1337, 83d Cong., 2d Sess. 434-35, *as reprinted in* 3 U.S. Code Cong. & Admin. News p. 4017, 4583 (1954); S. Rep., *as reprinted in 3* U.S. Code Cong. & Admin. News, p. 4621, 5266 (1954)). Furthermore, several Courts, even before 26 C.F.R. § 301.7502-1(e), interpreted 26 U.S.C. § 7502 as supplanting the Mailbox Rule. *See, e.g.*, *Deutsch*, 599 F.2d at 46; *Drake v. Comm'r of Internal Revenue*, 554 F.2d 736, 738–39 (5th Cir. 1977); *Miller v. United States*, 784 F.2d 728, 730–31 (6th Cir. 1986); and *Pugsley v. Comm'r of Internal Revenue*, 749 F.2d 691, 693 (11th Cir. 1985).

If the statute is silent on the specific issue, as § 7502 is, then the Court moves to step two to review whether the agency's interpretation is "based on a permissible construction of the statute." *Id.*; *Baldwin*, 921 F.3d at 842. Under step two of the *Chevron* analysis, 26 C.F.R. § 301.7502-1(e)(2) reflects a permissible construction of the statute. *See, Chevron*, 467 U.S. at 843. As explained in the United States' Brief, § 7502 caused a circuit split, with some circuits finding that the statute supplemented the

3

common-law Mailbox Rule and others finding the statute supplanted the common-law Mailbox Rule. *See,* Doc. No. 11 at 9–11. By enacting the regulation, the Treasury Department chose to adopt the latter interpretation and specifies the sole means of evidence by which to demonstrate exceptions to the Physical Delivery Rule. The *Baldwin* court confirmed this interpretation is reasonable because, "where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent." *Baldwin*, 921 F.3d at 843 (quoting *Hillman v. Maretta*, 569 U.S. 483, 496 (2013)). Congress enacted 26 U.S.C. § 7502 to provide exceptions to the Physical Delivery Rule, and "When Congress provides exceptions in a statute, it does not follow that courts have authority to create others." *United States v. Johnson*, 529 U.S. 53, 58 (2000).

Pond seems to argue that the Treasury Department's interpretation is not entitled to deference under step two of *Chevron* because "it is not based on agency expertise and contradicts the IRS's own filing guidelines." Doc. No. 14 at 18. Yet Pond provides no case citations or legal support for this argument. *Id.* at 18–20. In fact, the Treasury Department based this interpretation on the judicial interpretation of the statute. *See, e.g.*, *Deutsch*, 599 F.2d at 46; *Drake v. Comm'r of Internal Revenue*, 554 F.2d 736, 738–39 (5th Cir. 1977); *Miller v. United States*, 784 F.2d 728, 730–31 (6th Cir. 1986); and *Pugsley v. Comm'r of Internal Revenue*, 749 F.2d 691, 693 (11th Cir. 1985).

Finally, Pond cites several cases in an attempt to show the Mailbox Rule is still in effect. Doc. No. 14 at 11–20. Even so, 26 C.F.R. § 301.7502-1(e)(2) was not amended to its current form until 2011. The cases Pond cites all pre-date this regulation.

4

*Philadelphia Marine Trade Ass'n–Int'l Longshoremen's Ass'n Pension Fund v. C.I.R.*, 523 F.3d 140, 147 (3d Cir. 2008); *Lee Brick & Tile Co., Inc. v. United States*, 132 F.R.D. 414, 418 (M.D.N.C. 1990); *Estate of Wood v. C.I.R.,* 909 F.2d 1155, 1159 (8th Cir. 1990) *Alexander v. United States*, No. C/A 6:92-2803-3, 1993 WL 216773, at *2 (D.S.C. Mar 24, 1993).

As a result, this Court should adopt the findings of the various other circuits and hold that the exceptions enumerated in 26 U.S.C. § 7502 are the only exceptions to the Physical Delivery Rule. The Court should further determine 26 C.F.R. § 301.7502-1(e)(2) is entitled to *Chevron* deference.

## II. The United States has not Ignored Allegations in the Complaint: Taking all Allegations as True, the Court should Dismiss Pond's Complaint.

If the Court determines that 26 C.F.R. § 301.7502-1(e)(2) is entitled to *Chevron* deference, Pond can only prove timely filing in one of two ways: (1) actual physical delivery of the 2013 tax return by the deadline or (2) proof of mailing the 2013 tax return by registered or certified mail. 26 U.S.C. § 7502; 26 C.F.R. § 301.7502-1(e)(2). Pond has admitted he did not send the 2013 tax return by registered or certified mail. Doc. No. 8; Doc. No. 14. Thus, Pond can only establish he timely filed a 2013 tax return by showing it was actually delivered to the Service. However, Pond's Amended Complaint fails to allege sufficient facts that physical delivery of his 2013 amended return was made by October 26, 2017. Doc. No. 8.

Pond's Amended Complaint contains inferences that the Service received his amended return, but subsequently lost or destroyed it. Doc. No. 8, ¶¶ 22–23. While the

5

Court must accept all well-pled allegations as true, and construe all factual allegations in the plaintiff's favor, the Court need not accept "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts, Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Because Pond alleges that the amended returns were sent in the same envelope, and because Pond received notice from the Service that the 2012 amended return was not received, it is unreasonable for Pond to conclude that the Service received his 2013 amended return. Doc. No. 8, ¶ 20; Doc. No. 8-4.

Furthermore, in his response, Pond points to Exhibit G, a letter from the Service dated October 1, 2019. Doc. No. 8, ¶ 39; Doc. No. 8-7. Pond seeks to use this document to support his assertion that the Service received his 2013 tax return before the October 26, 2017 statutory deadline. Doc. No. 14 at 11. Still, Pond also maintains that the amended tax returns for both 2012 and 2013 were submitted in a single envelope, together, on July 18, 2017. Doc. No. 8, ¶ 20. It is unreasonable for a document allegedly submitted on July 18, 2017, to then be received a day earlier, on July 17, 2017. The conclusion that the Service received his 2013 tax return on July 17, 2017, is entirely unreasonable and contradicted by other allegations, and therefore, the Court need not accept these statements as true. *E. Shore Mkts, Inc.*, 213 F.3d at 180.

In fact, Pond then attempts to rely on his own assumptions. Pond cites *Alexander v. United States*, urging the Court to accept his "reasonable inference" that the Service lost or destroyed his 2013 tax return. Doc. No. 14 at 10 (citing *Alexander v. United States*, No. C/A 6:92-2803-3, 1993 WL 216773, at *2 (D.S.C. Mar 24, 1993)). Simply

6

because the Service lost or misplaced records in a previous case does not warrant such an inference in all cases.

### III. Conclusion

If taken as true, the facts in Pond's Amended Complaint show that someone took the amended 2012 and 2013 tax returns to the Post Office to mail by First-Class Mail on July 18, 2017, that the Service notified him they had not received the amended 2012 tax return, that he sent the amended 2013 tax return by certified mail in February 2019, and that the Service received delivery of the amended 2013 tax return by fax after September 20, 2019. None of these facts, even if true, can prove that Stephen K. Pond filed his 2013 amended tax return before the deadline established by 26 U.S.C. § 6230(c)(2)(A). As a result, Pond has failed to meet his burden to establish a waiver of sovereign immunity and the Court should dismiss his Amended Complaint.

Dated: June 11, 2021

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General

*/s/ Emily K. Miller*
EMILY K. MILLER
KY Bar #97725
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
(202) 353-7509 (v)
(202) 514-6866 (f)
Emily.K.Miller@usdoj.gov

## CERTIFICATION UNDER LOCAL RULE 7.3(d)

I hereby certify that the foregoing memorandum complies with the applicable word and page limits under Local Rule 7.3(d). The number of words in this memorandum is 1,825.

*/s/ Emily K. Miller*
EMILY K. MILLER
Trial Attorney
United States Department of Justice
Tax Division

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**James C. Adams II (N.C. Bar No. 18063)**
**Adam P.M. Tarleton (N.C. Bar No. 37088)**
**Daniel L. Colston (N.C. Bar No. 52083)**
Brooks, Pierce, McClendon, Humphrey & Leonard
230 North Elm Street
2000 Renaissance Plaza
Greensboro, NC 27401
(336) 271-3162 (v)
(336) 232-9162 (f)
jadams@brookspierce.com
atarleton@brookspierce.com
dcolston@brookspierce.com
*Counsel for Plaintiff Stephen K. Pond*

                                          */s/ Emily K. Miller*
                                          EMILY K. MILLER
                                          Trial Attorney
                                          United States Department of Justice
                                          Tax Division