# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| STEPHEN K. POND, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> ) <br> ) | 1:21CV83 |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, Senior District Judge.

Before the Court is a document captioned as a "Renewed Motion to Dismiss" filed by the Government. (ECF No. 30.) For the reasons stated herein, the Government's motion will be denied.

**I.   BACKGROUND**

On January 29, 2021, Plaintiff filed his initial complaint in this Court, seeking to recover a tax refund for the 2013 tax year. (ECF No. 1 ¶¶ 42–48.) In lieu of answering Plaintiff's initial complaint, the Government filed its first Motion to Dismiss, arguing that this Court did not have subject matter jurisdiction to hear Plaintiff's suit because the United States did not waive sovereign immunity. (ECF No. 6 at 1.) Rather than respond to the Motion to Dismiss, on April 20, 2021, Plaintiff filed his first amended complaint as of right against the Government (hereinafter "the Complaint"). (ECF No. 8.) Plaintiff alleged the same cause of action as he did in his initial complaint and added more detail to his factual allegations.

(*Compare* ECF No. 1 *with id.*)  The Government did not answer the Complaint but instead filed a second motion to dismiss, again arguing that this Court lacked subject matter jurisdiction over plaintiff's suit because the United States had not waived sovereign immunity.  (ECF No. 10 at 1.)

In its brief in support of its second motion to dismiss, the Government argued that the Complaint failed to allege facts to show that Plaintiff's 2013 amended return was timely filed by the terms of 26 U.S.C. § 7422 and its applicable regulations.  (*See* ECF No. 11 at 11.)  Further, the Government argued that the facts alleged by Pond "reveal[ed] that the amended return was *not* delivered to or received by the Service on or before October 26, 2017," which prevented Plaintiff from relying on the physical delivery rule for timely filing.  (*Id.* at 12.)  Thus, the Government argued, Plaintiff did not meet his burden to establish a waiver of sovereign immunity, and this Court should therefore dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.  (*Id.* at 2.)

This Court, after considering the parties' briefing, granted the Government's second motion to dismiss, concluding that Plaintiff had not shown timely delivery of his 2013 amended tax return by the terms of and exceptions to 26 U.S.C. § 7502 nor its applicable regulations.  (ECF No. 16 at 12.)  This Court further held that Plaintiff did not plausibly allege facts for this Court to infer the physical delivery of Plaintiff's 2013 tax return.  (*Id.* at 15.)  Thus, this Court found that the United States had not waived its sovereign immunity, and it did not have subject matter jurisdiction to hear Plaintiff's suit.  (*Id.*)  Plaintiff appealed this Court's dismissal of his action, (*id.*), to the Fourth Circuit.  (ECF No. 17 at 1.)

2

On appeal, the Fourth Circuit affirmed in part and vacated in part this Court's order granting the Government's second motion to dismiss. *Pond v. United States*, 69 F.4th 155, 159, 165, 168 (4th Cir. 2023). The Fourth Circuit affirmed this Court's determination that Plaintiff's 2013 return was not timely filed according to the applicable statutory rule of delivery, its exceptions, or its interpretive regulations. *Id.* at 159, 165. The Fourth Circuit, however, vacated that portion of this Court's Order that determined that Plaintiff did not plausibly allege that his 2013 tax amended return was physically delivered to the IRS before the statutory deadline. *Id.* at 159, 168. The Fourth Circuit then remanded the case to this Court for further proceedings consistent with its ruling. *Id.* at 168.

Upon remand, having determined that neither party requested supplemental briefing, this Court entered an Order, (ECF No. 28), concluding that "in accordance with the decision of the Fourth Circuit that "'[a]ffording the complaint all reasonable inferences, Pond adequately alleged physical delivery;'" thus, Plaintiff's "claim survive[d] the government's motion to dismiss." (ECF No. 28 at 2 (first alteration in original) (citing *Pond*, 69 F.4th at 166).) The Court then ordered that "Defendant's Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), (ECF No. 10), [was] **DENIED**, and this matter shall proceed to discovery or otherwise as directed by the Clerk's Office." (*Id.*) This Court also ordered the Government to file its answer to the Complaint within 14 days of its Order. (*Id.*) In its Answer, the Government raised lack of subject matter jurisdiction as an affirmative defense to Plaintiff's allegations. (ECF No. 29 at 1.) On the day it filed its Answer, the Government also filed a Renewed Motion to Dismiss the Complaint for lack of subject matter

jurisdiction. (ECF No. 30 at 1.)[1] Plaintiff filed its Response in Opposition to the Government's Renewed Motion to Dismiss, (ECF No. 35), and the Government submitted its Reply brief, (ECF No. 37). The Court will address the arguments in the parties' motion briefing in turn.

## II. THE GOVERNMENT MISCHARACTERIZES THE RELEVANT ORDERS

In his Opposition brief, Plaintiff contends that the Government's Renewed Motion to Dismiss for lack of subject matter jurisdiction is inappropriate following the Fourth Circuit's decision on the issue in *Pond*. (ECF No. 35 at 3–4, 5.) In its Reply brief, the Government contends that Plaintiff's argument misrepresents the Fourth Circuit's opinion in *Pond*. (ECF No. 37 at 1 (citing *Pond*, 69 F.4th at 166–67) (additional citation omitted).) The Government argues that the Fourth Circuit in *Pond* only found that the Complaint survived a "facial challenge"[2] to subject matter jurisdiction, because a court could reasonably infer that the IRS may have received his amended 2013 return by physical delivery. (*See id.* (citing *Pond*, 69 F.4th at 166–67).) The Government then argues that the Fourth Circuit allowed it on remand to "produce evidence supporting their argument" that the IRS mistakenly marked that they timely received Plaintiff's 2013 amended tax return. (*Id.* (citing *Pond*, 69 F.4th at 167)

---

[1] Because the Government filed another motion, this matter was not referred to the Clerk of Court for further proceedings.

[2] A defendant may present a motion to dismiss for lack of subject matter jurisdiction either by contending that a complaint fails to allege facts upon which to subject matter jurisdiction can be granted, or by contending that the jurisdictional allegations in a complaint are not true. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Under the first method, a facial challenge, a court takes the facts as true and "in effect, . . . afford[s] the same procedural protection as [the plaintiff] would receive under a Rule 12(b)(6) consideration." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *id.*).

(additional citation omitted).) Thus, the Government argues that the Fourth Circuit opened the door for it to file a "factual challenge"[3] to the Complaint. (*See id.* at 1, 2.) The Government further argues that this Court, in its Order denying the Government's previous motion to dismiss, (ECF No. 28), stated that this case should proceed to "discovery or otherwise," thus opening the door to a renewed motion to dismiss rather than discovery. (*See* ECF No. 37 at 2 (citing *id.* at 2) (internal quotation marks omitted).)

Plaintiff, on the other hand, argues in his Opposition brief that because the Government has already brought a motion on these grounds, the pending motion to dismiss is "procedurally improper." (ECF No. 35 at 3, 3–4.) Plaintiff contends that the Government offered no explanation of how it could renew its motion to dismiss after the Fourth Circuit concluded that there were sufficient facts to grant this Court subject matter jurisdiction. (*Id.* at 3.) Further, Plaintiff argues that the facts of this case do not present a circumstance where another motion to dismiss for lack of subject matter jurisdiction would be proper. (*Id.* at 4.) To that end, Plaintiff contends that this Court did not deny the Government's previous motion to dismiss without prejudice, nor did it invite the Government to file a renewed motion after supplemental briefing or filings. (*Id.*) Plaintiff also argues that the Government cannot point to a new legal theory or developments in the litigation that would provide a basis for a

---

[3] When making a factual challenge to subject matter jurisdiction, the party questions the factual basis for the complaint's allegation of subject matter jurisdiction, meaning a factual challenge asserts "that the jurisdictional allegations of the complaint [are] not true." *Adams*, 697 F.2d at 1219. Thus "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192.

new motion. (*Id.*) Accordingly, Plaintiff asks this Court to deny the Government's Renewed Motion to Dismiss outright. (*Id.* at 3, 5.)

After considering the arguments of the parties, this Court finds that it is the Government that misrepresents both this Court's Order, (ECF No. 28), and the Fourth Circuit's holding in *Pond.* 69 F.4th at 168. There is nothing in either that "invites" the Government's filing of yet another motion to dismiss.

Because the analysis of this Court's Order, (ECF No. 28), requires less discussion, the Court will address it first. After acknowledging that neither party had requested supplemental briefing, this Court affirmatively disposed of the Government's motion, as directed by the Fourth Circuit, and advanced this proceeding to the next stage of litigation—discovery. (*Id.* at 2.) This Court stated explicitly that "consistent with the ruling of the Fourth Circuit"— upon vacatur and remand of this Court's Order dismissing Plaintiff's action—this Court was denying the Government's previous motion to dismiss, (ECF No. 10), and further ordered that "this matter shall proceed to discovery or otherwise as directed by the Clerk's office." (*Id.* at 2.) As stated above,[4] it was the Government's decision to file another motion to dismiss, following the Fourth Circuit's decision and this Court's dismissal of its previous motion to dismiss, that prevented this case from advancing to discovery. Thus, the Government's reading of this Court's Order, (ECF No. 28), as an invitation from this Court to file a third motion to dismiss is, at best, erroneous.

Moreover, the Government's interpretation of the Fourth Circuit's opinion appears to be an exercise in cherry picking to advance its own position. According to the Government,

---

[4] *See supra* note 1.

the Fourth Circuit opened the door for it to file a factual challenge to the Complaint. (*See* ECF No. 37 at 1, 2.)  This Court disagrees.  The Fourth Circuit does not in its opinion make a distinction between a facial challenge and a factual challenge, nor does it limit its holding to such distinction.  *Pond*, 69 F.4th at 167–68.  The Fourth Circuit's holding on the instant issue before this Court was as follows:

> A court should grant a Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Here, the jurisdictional facts are in dispute.  Pond plausibly alleges that he sent his 2012 and 2013 claims in a single envelope postmarked July 18, 2017.  The IRS paid the 2012 claim, so there is a reasonable inference [that] the envelope was physically delivered.  True, there are other scenarios explaining why the 2012—and not the 2013—claim was paid.  And while one scenario gives the court jurisdiction, others don't.  But we shouldn't be picking among them at this stage.  Instead, we must draw all reasonable inferences in the light most favorable to Pond.  After doing so, we find that Pond plausibly alleged in his complaint that his 2013 claim was physically delivered to the IRS before the statutory deadline.  That is enough to show that the district court has jurisdiction within the United States's sovereign-immunity waiver under § 1364(a) to hear his claim.  So, Pond's complaint should not have been dismissed under Rule 12(b)(1).

*Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)) (citing *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982)).

Further, this Court finds the Government's argument that its previous and instant motions are distinct—because its previous motion was a facial challenge, and the instant motion is a factual challenge—to be unavailing.  (*See* ECF Nos. 31 at 7; 37 at 1–2.)  The purpose of a factual challenge to subject matter jurisdiction is to contend that the jurisdictional allegations of the complaint are *not true*.  *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams*, 697 F.2d at 1219).  Thus, a defendant, in making a factual challenge, casts doubt on the factual predicate of the allegation of subject matter jurisdiction in a complaint,

7

which allows this Court to decide disputed issues of fact in order to determine jurisdiction without converting the motion to dismiss into a motion for summary judgment. *Id.*

However, in making its so called "factual challenge", the Government has pointed to no evidence to convince this Court that the Government questions the *veracity* of the allegations in the Complaint. The Government points to IRS filings and a declaration from an IRS staff member to reflect that the IRS cannot find proof of Plaintiff's 2013 return being received as timely filed in 2017. (ECF No. 31 at 12–13 (citing ECF Nos. 29-1; 29-2; 29-3).) These documents reflect that the IRS has a record of its receipt of Plaintiff's 2013 amended tax return in 2019. First, this evidence is no different than the facts the Government relied on in its previous motion to dismiss. (*See* ECF No. 11 at 12.) Second, the Government's challenge here only supports that the jurisdictional facts, which are central to the merits of the case, are hotly disputed. (ECF No. 31 at 12–13 (citing ECF Nos. 8; 8-4; 29-1–29-3) (additional citations omitted) (comparing Pond's allegations with its arguments and supplemental documentation).) In *Pond*, the Fourth Circuit admonished district courts from granting a motion to dismiss in such scenarios and thus preventing plaintiffs from accessing procedural safeguards, such as discovery, that would allow them to respond to a direct attack on the merits of their claims. *Pond*, 69 F.4th at 168. Accordingly, this Court finds the Government's instant motion to dismiss does not amount to a factual challenge and that it is not analytically distinct from its previous motion to dismiss.

Nevertheless, because a challenge to subject matter jurisdiction can be raised at any time by a party or by the Court, *sua sponte*, this Court will now examine the Government's

8

Case 1:21-cv-00083-LCB-LPA    Document 39    Filed 07/30/25    Page 8 of 13

Renewed Motion to Dismiss to determine if it may proceed on the merits or if it is otherwise barred. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

## III. THE LAW-OF-THE-CASE DOCTRINE BARS THE GOVERNMENT'S MOTION

Plaintiff argues that the Government did not justify its renewed motion by basing it "upon a new legal theory or new developments that occur[ed] during the pendency of the lawsuit." (ECF No. 35 at 4 (citations omitted).) Plaintiff's argument evokes the "law-of-the-case" doctrine. (*See id.* at 3–5.) "The law-of-the-case doctrine recognizes that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Graves v. Lioi*, 930 F.3d 307, 318 (4th Cir. 2019) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). The doctrine "applies both to questions actually decided as well as to those decided by necessary implication." *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988) (internal quotation marks and citation omitted). If the law-of-the-case doctrine applies, a party is barred from those issues that have been decided or decided by implication. *United States v. Lentz*, 524 F.3d 501, 528 (4th Cir. 2008) (quoting *id.*).

However, the law-of-the-case doctrine "poses no bar to the assessment of past holdings based on a different procedural posture[,] [which] expands the court's inquiry based on development of actual facts underlying a plaintiff's claims." *Graves*, 930 F.3d at 318 (citation omitted). Indeed, the doctrine recognizes that "different facts will lead to a different legal analysis to which the doctrine cannot apply." *Id.* (citing *Sejman*, 845 F.2d at 69). It is when "a court is presented with a different record at a new stage of the case, [that] the law-of-the-case doctrine will no longer constrain the court's review." *Id.* (citing *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009)). To that end, the Fourth Circuit has recognized three

9

exceptions to the law-of-the-case doctrine: (1) when a subsequent trial produces substantially different evidence, (2) when controlling authority has since made a contrary decision of law applicable to the issue, and (3) when the prior decision was clearly erroneous and would work manifest injustice. *Franchot*, 572 F.3d at 191 (citations omitted).

This Court finds substantial similarity in the arguments made by the Government in its briefs for its previous motion to dismiss, (ECF No. 11), and its briefs for its instant motion to dismiss, (ECF Nos. 31; 37). In both motions to dismiss the Government argues that the Plaintiff did not allege sufficient facts to grant this Court subject matter jurisdiction, which the Fourth Circuit specifically addressed in its holding. (ECF Nos. 11 at 2; 31 at 1.) In both motions the Government argues that Plaintiff could not show timely filing by the delivery rules and exceptions from the governing statutes. (ECF No. 11 at 13–17; 31 at 1, 10.) The Government further argued in both motions that there were insufficient facts to infer that the IRS "actually received" Plaintiff's 2013 amended return and refund request, which the Fourth Circuit likewise addressed. (ECF Nos. 11 at 12–13; 31 at 10–11, 12–13); *Pond*, 69 F.4th at 167–68. Thus, both motions argue that the Complaint fails to prove that the United States has waived sovereign immunity, and that this Court, without that waiver, does not have subject matter jurisdiction over Plaintiff's claims. (ECF Nos. 11 at 2, 17–18; 31 at 1, 15.)

To make its so called factual challenge, which the Government argues is distinct from its previous motion, the Government directs this Court's attention to the Complaint and the attachments to its Answer to argue that Plaintiff admits, and the IRS records confirm, that the IRS claims it did not receive his 2013 tax refund until 2019, which was outside the statutory timeliness period. (ECF No. 31 at 10, 11, 12–13 (citing ECF Nos. 29-1; 29-2; 29-3).) The

10

Government mischaracterizes Plaintiff's allegations in the Complaint. Plaintiff alleges that 2019 is when the IRS first *acknowledges* his claim for his adjusted 2013 tax refund, not that this is the first time he claims to have sent it to them. (ECF No. 8 ¶¶ 20–21, 25, 28, 31–38.) Across the briefings for the Government's motions to dismiss, Plaintiff never concedes that this is the first or only time he made a claim for a refund on his 2013 tax return. (ECF No. 14 at 2, 2–3, 3–4, 5–6; *see* ECF No. 35 at 6, 7.) As this Court found above, the Government also fails to make arguments in its instant motion that amount to a factual challenge. *Kerns*, 585 F.3d at 192 (citing *Adams,* 697 F.2d at 1219) (alteration in original). Rather, the Government continues to argue that the Complaint's allegations do not support this Court's subject matter jurisdiction, which is definitionally a facial challenge, not a factual challenge as argued by the Government. (ECF No. 31 at 10, 11, 12–13 (citing ECF Nos. 29-1–29-3)); *see id.* (citing *Adams,* 697 F.2d at 1219). Thus, this Court finds that the Government's instant motion to dismiss for lack of subject matter jurisdiction was made on substantially similar grounds as its previous motion.

Accordingly, because the Fourth Circuit conclusively found that there were sufficient allegations in the Complaint to support subject matter jurisdiction in this case, *Pond*, at 168, which is what mandated this Court's denial of the Government's previous motion following vacatur, (ECF No. 28), the Government's instant motion to dismiss is barred by the law-of-the-case doctrine, unless it falls within one of the doctrine's three exceptions. *Franchot*, 572 F.3d at 191 (citations omitted).

The Government's arguments do not fall under the first exception—when a subsequent trial produces substantially different evidence—because this case has not

progressed to a trial posture. *Id.* (citations omitted). Relatedly, as both parties note, this case has also not proceeded to discovery, so there are no "substantially different facts" from such evidence collection that would allow this Court to not be constrained by the law-of-the-case doctrine. (ECF Nos. 35 at 7; 37 at 3); *Graves*, 930 F.3d at 318 (citation omitted). Nor is this Court convinced that the Government's attachments to its Answer, (ECF Nos. 29-1–29-3), trigger this first exception. The Government's arguments also have not triggered the second exception—when controlling authority has since made a contrary decision of law applicable to the relevant issue. *Franchot*, 572 F.3d at 191 (citations omitted). There are no controlling decisions that would cause this Court to grant the Government's instant motion to dismiss for lack of subject matter jurisdiction, nor did the Government suggest there was such a decision.

Finally, the Government's arguments do not fall under the third exception—when the prior decision was clearly erroneous and would work manifest injustice. *Id.* (citations omitted). The Fourth Circuit has made clear that "[a] prior decision does not qualify for this third exception by being just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Id.* at 194 (internal quotation marks and citations omitted). In the *Pond* decision, the Fourth Circuit was explicit in its mandate that Plaintiff had plausibly alleged that there was physical delivery of his 2013 amended tax return to the IRS. 69 F.4th at 168. The Government cannot suggest that the Fourth Circuit's decision was clearly erroneous and would work manifest injustice if followed by this Court, nor does the declaration submitted by the Government change this result. (ECF No. 29-1 ¶¶ 7–10 (citing ECF Nos. 29-2–29-3)). Accordingly, this Court cannot, and will not, take the leap the Government suggests that this Court to take, by concluding that the Fourth Circuit's subject

matter jurisdiction analysis is not controlling on the Government's instant motion and find that Plaintiff did not plausibly allege the physical delivery of his 2013 amended tax return.

Therefore, the Government's Renewed Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction is denied as barred under the law-of-the-case doctrine following the Fourth Circuit's decision in *Pond* and this Court's subsequent Order adopting the Fourth Circuit's analysis and denying the Government's previous motion to dismiss.[5] 69 F.4th at 168; (ECF No. 28 at 2.)

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that the Government's Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction, (ECF No. 30), is **DENIED**.

**IT IS FURTHER ORDERED** that this case shall be referred to the Magistrate Judge to set an initial pre-conference.

This, the 29th day of July 2025.

/s/ Loretta C. Biggs
Senior United States District Judge

---

[5] In his Response in Opposition to the Government's instant motion to dismiss, (ECF No. 35), Plaintiff also requested attorney's fees for the costs associated with responding to the Government's motion. (*Id.* at 7–8.) The Court denies Plaintiff's request.